UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| **TRACY L. LELIAERT,** | )<br>)<br>) |
| Plaintiff. | )<br>) |
| v. | ) No. 3:22-cv-359<br>) |
| **CITY OF SOUTH BEND** and **JOSHUA MORGAN, RYAN WILLIAMS,** and **SCOTT RUSZKOWSKI,** | ) **JURY DEMANDED**<br>)<br>)<br>)<br>)<br>) |
| Defendant(s). | ) |

## COMPLAINT AND JURY DEMAND

NOW COMES, Plaintiff, **TRACY LELIAERT**, by and through her counsel, Brian W. Coffman of COFFMAN LAW OFFICES, P.C. and complains against Defendant, CITY OF SOUTH BEND, and individual officers, JOSHUA MORGAN, RYAN WILLIAMS, and SCOTT RUSZKOWSKI as follows:

## INTRODUCTION

1. This action seeks damages under federal law, Title 42 U.S.C. §1983, for Defendants actions of May 26, 2020 which violated Plaintiff's rights under the First, Fourth and Fourteenth Amendments to the United States Constitution.

## JURISDICTION AND VENUE

2. This Court has jurisdiction of the action pursuant to 28 U.S.C. § 1331.

3. Venue is proper under 28 U.S.C. § 1391(b). The events giving rise to the claims asserted herein all occurred within this district.

1

## PARTIES

4. At all times material hereto, the Plaintiff, Tracy Leliaert, was a resident of South Bend, Indiana, in this District, and entitled to be free from unlawful search and seizure, and the malicious conduct of the South Bend Police Officer Defendants.

5. At all times material hereto, Joshua Morgan (herein after "Morgan") was a sworn law enforcement officer employed by the South Bend Police Department. At all times material hereto Morgan was acting under color of state law and within the scope of his employment with the South Bend Police Department. Morgan is sued individually.

6. At all times material hereto, Ryan Williams (herein after "Williams") was a sworn law enforcement officer employed by the South Bend Police Department. At all times material hereto Williams was acting under color of state law and within the scope of his employment with the South Bend Police Department. Williams is sued individually.

7. At all times material hereto, Scott Ruszkowski, was and is the Chief of Police for the South Bend with the responsibility of training, assigning, administering, and controlling all officers in the South Bend Police Department. He was present at the protest and directed all police operations with the South Bend Police Department.

8. Defendant, CITY OF SOUTH BEND is a municipal corporation under the laws of the State of Indiana is the employer and principal of Defendants Morgan, Williams, and Ruszkowski. The City is responsible for the policies, practices and customs of its Police Department and Police Board.

## FACTUAL ALLEGATIONS

9. On May 26, 2021. Tracy Leliaert was at a peaceful protest in the area of South Michigan and Monroe Streets in South Bend, Indiana.

10. Defendants Morgan and Williams placed Ms. Leliaert under arrest.

11. During the course of arrest, without provocation or justification, the Defendant Officers Morgan and Williams threw Ms. Leliaert to the ground and placed her face down in the grass, with her face pressed against the grass and dirt.

12. As a result of being thrown to the ground, Ms. Leliaert hit her head on the ground, her glasses fell off her face and broke.

13. Defendants Morgan and Williams kneeled on Ms. Leliaert  back and legs, putting their body weight onto Ms. Leliaert and pinning her to the ground.

14. Defendant Morgan drove his left knee into the back of Ms. Leliaert's neck, supporting his body weight by Ms. Leliaert's neck as Ms. Leliaert's face pressed into the ground.

15. Defendants Morgan and Williams violently ripped Ms. Leliaert's arms behind her back and yanked and tugged on them while applying zip tied to handcuff her.

16. Ms. Leliaert did not physically resist arrest.

17. Ms. Leliaert was unarmed and did not at any point physically or verbally threaten the officers, nor did she attempt to flee.

18. Throughout the protest, Chief Ruszkowski was present at the scene and acting as the commanding officer for all South Bend Officers who were present.

19. Chief Ruszkowski was present during the violent arrest of Ms. Leliaert and failed to intervene.

20. Plaintiff was later treated at Memorial Hospital for the injuries she suffered.

21. By reason of the above-described acts and omissions of Defendants, Plaintiff sustained physical injuries, humiliation, and indignities, and suffered great mental and emotional pain and suffering, all to her damage.

22. The aforementioned acts of Defendants were willful, wanton, malicious, oppressive, and done with reckless indifference to and/or callous disregard for Plaintiff's rights and justify the awarding of exemplary and punitive damages.

23. By reason of the above-described acts and omissions of Defendants, Plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to them in the within action, so that he might vindicate the loss and impairment of his rights. By reason thereof, Plaintiff requests payment by Defendant of a reasonable sum for attorneys' fees pursuant to 42 U.S.C. §1988, the Equal Access to Justice Act, or any other provision set by law.

## COUNT I:
## 42 U.S.C. § 1983
### Excessive Force

24. Plaintiff repeats and re-alleges paragraphs 1-33 as though fully restated herein.

25. As described in the preceding paragraphs, Defendant Morgan and Williams actions toward Tracy Leliaert violated her constitutional rights, including but not limited to those under the Fourth and Fourteenth Amendments of the United States Constitution.

26. The misconduct described in this Count was objectively unreasonable and undertaken with willfulness and reckless indifference to the rights of others. In addition, the misconduct and excessive force described in this Count "shocks the conscience."

27. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Tracy Leliaert's constitutional rights.

28. These actions by Defendants Morgan and Williams proximately caused plaintiffs to suffer physical injuries, pain, humiliation, and emotional trauma and suffering.

## COUNT II:
## 42 U.S.C. § 1983
### Supervisory Liability

29. Plaintiff repeats and re-alleges the preceding paragraphs as though fully restated herein.

30. The above stated acts of excessive force against Plaintiff were caused by Defendant Ruszkowski, acting in a Supervisory Capacity under the color of law, when he knowingly, or with deliberate indifference and recklessness, directed, encouraged, authorized, and acquiesced in the actions taken by Defendants Morgan and Williams, or else affirmatively turned a blind eye thereto without taking any step to stop the excessive force.

31. Scott Ruszkowski was recklessly indifferent because of a failure to develop and implement a plan to prevent the type of excessive force used by Defendants Morgan and Williams.

32. The personal involvement of Defendant Ruszkowski, through his actions and omissions, proximately and directly caused the constitutional deprivations and grievous personal injuries suffered by Plaintiff Tracy Leliaert.

## COUNT III:
## 42 U.S.C. § 1983
## Violation of First Amendment Right To Assembly

33. Plaintiff repeats and re-alleges the preceding paragraphs as though fully restated herein.

34. Plaintiff was part of an assembly of people protesting the movement of a homeless camp.

35. Defendants Morgan and Williams violated Plaintiff's First Amendment Right to free assembly when they arrested her and used excessive force against her.

36. The actions of Morgan and Williams were the direct and proximate cause of the violation of Plaintiff's First Amendment right to assembly, and caused pain and suffering.

## COUNT IV:
## 42 U.S.C. § 1983
## Municipal Liability: *Monell*

37. Plaintiff repeats and re-alleges all preceding paragraphs as though fully restated herein.

38. As described in the preceding paragraphs, the misconduct described in Count I was undertaken under the policy and practice of the City of South Bend, such that Defendant City of South Bend is also liable, in that at all times relevant to this Complaint, the individually named police officer Defendants, Morgan and Williams, were acting under the direction and control of supervisory personnel in charge of the City of South Bend Police Department.

39. Upon information and belief, supervisory personnel and decision makers in charge of the City of South Bend Police Department knowingly, and with callous disregard for Plaintiff's rights, failed to properly instruct, supervise, control, and discipline on a continuing basis employees of the Department, including but not limited to the individual police officer Defendants, in their duties to refrain from unlawfully and maliciously using excessive and unreasonable force when restraining or attempting to restrain individuals.

40. Defendant City of South Bend and its Police Department failed to develop, maintain, and enforce proper procedures and conduct proper hiring and training of their employees, including but not limited to the individual police officer Defendants, and failed to control or discipline those employees on a continuing basis, said failures having proximately caused the violation of Plaintiff's rights.

41. Defendant City of South Bend and its Police Department had the obligation to properly hire, instruct, supervise, control, discipline or otherwise prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence and knowingly,

recklessly, or with deliberate indifference and callous disregard of Plaintiff's rights and refused to do so.

42. As a matter of both policy and practice, the actions and inactions of Defendant City of South Bend and its Police Department have facilitated and permitted the very type of misconduct at issue here by failing to adequately investigate, discipline and/or punish prior instances of misconduct similar to that alleged in this Complaint by officers employed by the South Bend Police Department, thereby leading the individual police officer Defendants, to believe that their actions would never be scrutinized and, in that way, directly encouraged future abuses such as those which affected Plaintiff.

43. As a matter of both policy and practice, Defendant City of South Bend and its Police Department attempted to, and did, facilitate cover-ups of abuses fostered upon citizens by officers employed by members of the South Bend Police Department.

44. Upon information and belief, as a matter of widespread practice so prevalent as to comprise municipal policy on the part of Defendant City of South Bend, officers of the South Bend Police Department have abused other citizens in a manner similar to that alleged by Plaintiff in this Complaint.

45. Upon information and belief, Defendant City of South Bend and its Police Department, through its supervisory personnel and decision makers is aware of (and condone and facilitate by their inaction) a so-called "code of silence" among employees working for the South Bend Police Department, including but not limited to these individual police officer Defendants, by which such employees fail to report misconduct committed by others, such as the misconduct at issue in this case.

46. Upon information and belief, Defendant City of South Bend and its Police Department have failed to act to remedy the patterns of abuse described in the instant Complaint, despite actual knowledge of the same on the part of Departmental supervisory personnel and decision makers, thereby causing the types of injuries and damages alleged herein.

47. The foregoing acts, omissions, and systematic failures are customs and policies of the City of South Bend and its Police Department and, upon information and belief, caused individuals employed by the South Bend Police Department including the individually named police officer Defendants herein, to believe that complaints of excessive and unreasonable force would not be honestly or properly investigated, with the foreseeable result that such employees would therefore be likely to use excessive and unreasonable force.

48. As a direct and proximate cause of the aforesaid acts, omissions, policies and customs of the City of South Bend and its Police Department, through its supervisory personnel and decision makers, Plaintiff was deprived of rights as guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States.

WHEREFORE, the Plaintiff, Tracy Leliaert, respectfully requests that judgment be entered in her favor, and against Defendants, City of South Bend, Joshua Morgan, Ryan Williams, and Scott Ruszkowski an award compensatory damages and attorneys' fees, as well as punitive damages against Joshua Morgan, Ryan Williams, and Scott Ruszkowski and any other relief this Court deems just and appropriate

Respectfully submitted,

*/s/ Brian W. Coffman*
One of Plaintiff's Attorneys

COFFMAN LAW OFFICES, PC
Brian W. Coffman, # 28944-71
Nicole Barkowski # 6295438
26l5 North Sheffield Avenue, Suite # 1
Chicago, IL 60614
(312) 888-5757 phone
(773) 242-6188 facsimile
bcoffmanlaw@gmail.com
nbarkowski@gmail.com

## JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Rule 38(b), FRCP, on all issues so triable.

>  */s/ Brian W. Coffman*
> One of Plaintiff's Attorneys

COFFMAN LAW OFFICES, PC
Brian W. Coffman, # 28944-71
Nicole Barkowski # 6295438
26l5 North Sheffield Avenue, Suite # 1
Chicago, IL 60614
(312) 888-5757 phone
(773) 242-6188 facsimile
bcoffmanlaw@gmail.com
nbarkowski@gmail.com