UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TRACY LELIAERT,

    Plaintiff,

v.                                                                              CAUSE NO. 3:22cv359 DRL

CITY OF SOUTH BEND *et al.*,

    Defendants.

## OPINION AND ORDER

Tracy Leliaert and Joshua Morgan filed motions *in limine*. The parties negotiated agreement as to several issues, and the court commends counsel on both sides for their work in this regard. The parties reached additional agreement as to another request at Monday's final pretrial conference. This leaves for decision three requests from Ms. Leliaert and three from Officer Morgan. The court now rules.

## STANDARD

The court has broad discretion to rule on motions *in limine*. *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002); *see also Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). Evidentiary rulings ordinarily should not be made until trial when the court can resolve admissibility issues in proper context. The court thus excludes evidence *in limine* only when it is "clearly inadmissible on all potential grounds." *United States v. Jackson*, 535 F. Supp.3d 809, 813 (N.D. Ind. 2021) (citation omitted). If admissible on one ground or another, the court will defer ruling on admissibility until trial. *See id.* Even when the court issues an order *in limine*, the order remains preliminary and subject to the court's revision at trial. *See Farfaras v. Citizens Bank & Tr.*, 433 F.3d 558, 565 (7th Cir. 2006).

DISCUSSION

A.  *Agreed Requests.*

The parties stipulated to ten issues [61]. The court directs the parties, as discussed at the final pretrial conference, to clarify the scope of agreement on stipulated issue 2 and to file a revised set of stipulations no later than the day before trial. The parties further agreed that they would not introduce evidence or argument concerning a conversation that Ms. Leliaert apparently had with Officer Keenan Lang after May 26, 2020 (defense issue 3). Skilled and trustworthy trial counsel will adhere to their agreements. It is not the court's practice to enter an order *in limine* when the parties agree, as the court expects the parties to comply with their agreements.

B.  *Lottery Argument (Plaintiff's Issue 1).*

Ms. Leliaert seeks to exclude any argument or implication that she is just trying to make money by filing the lawsuit. She remains a bit vague in framing precisely what she would like the court to forbid, but she seems to narrow the focus to "winning a lottery" or pursuing a "get-rich-quick scheme." She says such argument would be unduly prejudicial under Rule 403 and would give the jury a negative impression of her character in violation of Rules 404 and 405. But her motive for pursuing damages or credibility in recounting events isn't other-act evidence under Rule 404 or character evidence under Rule 405.

Rule 403 allows the court to "exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. A defense often challenges a plaintiff's motive for seeking damages—saying the plaintiff should not be believed about what factually transpired during an incident or she is exaggerating injuries—just as a plaintiff often argues that a defendant should not be believed to avoid responsibility for damages. Both may have pecuniary motives that a jury is free to assess.

Perhaps it could be said that the defense has not proffered evidence that would justify the use of these two more inflammatory phrases. And frankly, experienced counsel often choose more artful turns of phrase than these trite ones to make the point or critique the credibility of the plaintiff's case—no less to northern Indiana juries. But however prejudicial these two phrases on their face may seem, on this preliminary record they aren't unfairly prejudicial, and that is the question. That is no less true when the full scope of damages, and what medical or other testimony may be given on this front, remains subject to some interrogation at trial. Within fair restraint, the characterization of a party's credibility because of a financial motive is reserved to the argument of trial counsel. *See, e.g., Patterson v. City of Chi.*, 2017 U.S. Dist. LEXIS 27572, 33-34 (N.D. Ill. Feb. 28, 2017). This must await the context of trial.

    B.  *Negative Career Consequences for Officer Morgan (Plaintiff's Issue 2).*

Ms. Leliaert asks the court to exclude any evidence or argument that Officer Morgan may suffer adverse career consequences because of a verdict. She notes that any such suggestion would be both irrelevant and speculative and could improperly bolster his credibility. *See* Fed. R. Evid. 401-403. Evidence is only relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. In fairness, this case concerns the decisions and actions of the two remaining parties, not the City of South Bend.

Officer Morgan counters that the motion is too broad and the jury may consider whether he would repeat the conduct before awarding punitive damages. But the defense concedes that the City has made no decisions to date, so whether there might be adverse consequences proves entirely speculative. There might, or there might not be. Speculation offers nothing probative. This argument also introduces the decisionmaking of a third-party and sets up a confusing mini-trial about what the City may have done or not done to date (*e.g.*, any discipline or lack of discipline) to counter the point about what the defense says the City might adversely do someday. The risk of confusion and delay substantially outweighs the value of speculation. The court excludes such evidence and argument accordingly.

C. *Credibility Bolstering (Plaintiff's Issue 3).*

Ms. Leliaert asks the court to bar Officer Morgan from bolstering his credibility or that of other officers by wearing uniforms or medals, or otherwise testifying about commendations or awards. Officers testify in court wearing their duty uniforms all the time. There is no mystery that this case involves law enforcement. The jury will see that in the video too. They will hear it in argument, testimony, and instructions. There is no need to hide the simple fact. Officers often take a break from patrol or other duties to testify too. Officers also may testify about their jobs, including their duties and training. The court will not exclude any of this under Rule 403. This all must await the context of trial.

Dress uniforms or the display of medals or commendations would not be appropriate, however. *See Wilbon v. Plovanich*, 2016 U.S. Dist. LEXIS 30333, 26-27 (N.D. Ill. Mar. 9, 2016) (citing cases). And testimony about past awards or commendations offers little probative value, and the risk of unfair prejudice outweighs that minimal value nonetheless. Past commendations are comparably as impertinent and prejudicial as past misfeasance. The court thus grants this request only in part.

D. *Officer's Morgan's Past Conduct (Defendant's Issue 1).*

Officer Morgan seeks to exclude any evidence that he or any other officer has faced or currently faces complaints, disciplinary action, or lawsuits against them under Rule 404(b). "Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). There must be a propensity-free chain of reasoning that shows that other-act evidence tends to make a particular fact of consequence more or less probable—and not just that it does, but how it does so without a forbidden propensity inference. *See Burton v. City of Zion*, 901 F.3d 772, 784 (7th Cir. 2018); *United States v. Gomez*, 763 F.3d 845, 856 (7th Cir. 2014). The court thereafter evaluates the evidence under Rule 403 too.

Officer Morgan refers to other incidents, citizen complaints, or investigations at oral argument to lend some specificity to this request (otherwise mentioned in the summary judgment record). Ms.

4

Leliaert has not explained how such other alleged acts by Officer Morgan would be relevant to an issue of consequence here, and absent a forbidden propensity inference. She argues that the motion is both overbroad and premature without proffering how she might introduce such evidence to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). And without any such showing, the court must assess the probative value of any such evidence to be quite low and the attendant unfair prejudice quite high. Fed. R. Evid. 403.

Ms. Leliaert alludes to the possibility of impeachment—that Officer Morgan or another officer might "open the door" to other-act evidence. Should that occur, the parties have the option to address the issue first with the court during a sidebar or break. But the court must say the theory outlined by Ms. Leliaert, and thus her reason for wanting to preserve the right to discuss other-act evidence, is troublesome. There is no evidence that an officer has lied or covered up past instances of misconduct, and, alone, connecting that theory to this case isn't propensity free—quite aside from the confusing mini-trial that would then be created about an entirely separate event. Accordingly, the court grants this request.

E.  *Police "Code of Silence" or "Blue Wall" (Defendant's Issue 2).*

Officer Morgan seeks to bar evidence or argument regarding an alleged "blue wall" or "code of silence." He argues that the evidence is irrelevant to the case and would violate Rule 403. He argues that no facts exist to provide a basis for a "blue wall" or a "code of silence" remark. He also says any such evidence would violate Rule 403 because it could confuse or mislead the jury.

"Proof of bias is almost always relevant because the jury, as finder of fact and weigher of credibility, has historically been entitled to assess all evidence [that] might bear on the accuracy and truth of a witness' testimony." *United States v. Abel*, 469 U.S. 45, 52 (1984). Overgeneralized allegations are just that—overgeneralized—and don't tend to reflect actual or arguable bias. Such allegations are "not helpful" or relevant and are "akin to impermissible propensity evidence"—apart from what may be true of the named defendants. *Norton v. Schmitz*, 2011 U.S. Dist. LEXIS 57950, 4-5 (N.D. Ill. May 27, 2011);

5

*Maldonado v. Stinar,* 2010 U.S. Dist. LEXIS 78983, 10-12 (N.D. Ill Aug. 5, 2010) (allowing evidence of bias among the particular officers involved in the incident, while excluding generalized evidence of a "code of silence" or "blue wall").

Ms. Leliaert may not use the terms "blue wall," "blue line," or "code of silence" as these terms are unduly prejudicial without probative value of particularized bias of Officer Morgan or any other officer on this preliminary record. This case involves video evidence and a direct question: whether Officer Morgan used excessive force while arresting Ms. Leliaert. Generalized or charged terms that presuppose a cover-up, without evidence of any such thing, offer nothing probative and instead prove to be highly inflammatory and unfairly prejudicial. *See* Fed. R. Evid. 401, 403.

This ruling does not prevent Ms. Leliaert from raising individual examples of bias based on "loyalty to one another." *Patterson*, 2017 U.S. Dist. LEXIS 27572 at 16. But the court will not allow sweeping references to a broad culture not grounded in the facts. The court thus grants this request.

    F.  *Testimony, Exhibits, or Statements by Counsel Not Supported by a Medical Expert on Proximate Cause of Ms. Leliaert's Injuries (Defendant's Issue 4).*

Officer Morgan requests that the court forbid any testimony, either from Ms. Leliaert or treatment providers, about any treatment or diagnoses she received after October 28, 2020. Officer Morgan claims that Ms. Leliaert's testimony winnows her treatment timeframe to May 2020 to September 2020, and her trial exhibits only extend to October 28, 2020.

At the final pretrial conference, Ms. Leliaert agreed not to call Dr. Abigail Battjes as a witness, agreed she would not seek damages for future treatment (beyond October 28, 2020), and agreed she would not introduce exhibits for medical treatment after October 28, 2020. She seeks to call Dr. Stephen Simons to testify about medical conditions that arose from this incident (and particularly a concussion) and then to call Melissa Shea (PT), Alexandria Lertola (MS, CCC-SLP), and Anil Arora (OTR) to testify about their course of therapy (though not causation). Officer Morgan seeks to hold Dr. Simons to only the factual observations within his medical records, without permitting Rule 702 testimony.

There is a difference, of course. "No expert testimony is required to assist jurors in determining the cause of injuries that are within their common experiences or observations." *Hendrickson v. Cooper*, 589 F.3d 887, 892 (7th Cir. 2009). Healthcare providers also can generally testify about observations and treatments without being tendered as experts. *See Blameuser v. Hasenfang*, 345 F. Appx. 184, 187 (7th Cir. 2009). On the other hand, the classification of medical conditions or opinions about causation will often necessitate expert testimony because they derive from technical or other specialized medical determinations. *See, e.g., United States v. Cravens*, 275 F.3d 637, 640 (7th Cir. 2001); *Goffman v. Gross*, 59 F.3d 668, 672 (7th Cir. 1995); *see also Spinnenweber v. Laducer*, 983 F.3d 301, 304-05 (7th Cir. 2020) (Indiana law). "[T]reating physicians and treating nurses must be designated as experts if they are to provide expert testimony." *Musser v. Gentiva Health Servs.*, 356 F.3d 751, 758 (7th Cir. 2004).

Neither Dr. Simons nor any of the three therapists was required to provide a report. Instead, Ms. Leliaert was required to disclose the subject matter of Rule 702 testimony and a summary of the facts and opinions to which each witness would testify. *See* Fed. R. Civ. P. 26(a)(2)(C). She did this—perhaps not as abundantly as the defense prefers, but she did it insofar as she wishes to present such testimony at trial (*e.g.*, causation of her concussion, but not future treatment). She disclosed all medical records. She then twice referred the defense to these medical records for the factual underpinnings of any Rule 702 testimony—both in her Rule 26(a)(1) initial disclosures in August 2022 and then again in her Rule 26(a)(2) expert disclosures in October 2023.

To put a finer point on this, the latter disclosure referred specifically to the medical professionals identified in earlier Rule 26 disclosures [67-2], and the initial disclosures spelled out the anticipated expert testimony [67-1]—namely, that Dr. Simons would testify about diagnosis and causation, that he would testify that Ms. Leliaert's condition was caused or made symptomatic by the incident with law enforcement, and that he would offer such opinion based on a reasonable degree of medical certainty. This was an adequate disclosure to alert the defense that he would offer expert opinion and what it was—

7

particularly given the relatively modest treatment. This is not a *Musser* case in which a physician was disclosed as a fact witness only. In fairness, no counsel has spoken to the doctor to confirm whether he might offer a causation opinion about Ms. Leliaert's concussion or whether he might not, leaving the court to wonder whether the jury could receive evidence about a medical condition that may prove in the end to be irrelevant; but Ms. Leliaert proffers that the doctor told her it was caused by the incident, so there is some basis to proceed consistent with the disclosure.

At the final pretrial conference, the defense alternatively argued that the disclosure needed to parse more finely the causation opinion—namely, that Officer Morgan's particular conduct caused the concussion (or other conditions). Such expertise isn't required here. A doctor isn't always called to testify that one of two tortfeasors who contemporaneously caused an accident was the one to blame, only that the accident caused the patient's injuries. The jury then decides who is to blame for the accident. In much the same way, if the theory is that Ms. Leliaert sustained a concussion from her head being directed to the ground, the jury is perfectly capable of deciding whether that was because of Officer Morgan's conduct or another officer's conduct. In short, the jury needs no expert assistance to decide this question.

Save for the concessions that have been made at the final pretrial conference about the planned scope and limitations on Rule 702 testimony, which the court will expect the parties to abide, the court denies this request and will permit Ms. Leliaert to lay a foundation for Dr. Simons to testify as to causation for conditions identified in the medical records on or before October 28, 2020. The three therapists may only offer testimony consistent with Rules 602 and 701.

CONCLUSION

For these reasons, the court GRANTS Ms. Leliaert's motion *in limine* as to issue 2, and GRANTS IN PART and DENIES IN PART her motion as to issue 3, and DENIES her motion as to issue 1 [65]. The court GRANTS Officer Morgan's motion *in limine* as to issues 1 and 2, DENIES AS MOOT his motion as to issue 3, and DENIES his motion as to issue 4 [63].

Accordingly, aside from the agreements that the court expects the parties to abide, the court ORDERS the parties and their counsel not to offer at trial testimony, evidence, or argument before the jury concerning:

- potential negative career consequences for Officer Morgan;
- awards, medals, or commendations for Officer Morgan or other testifying officers;
- other alleged misconduct or other complaints, disciplinary actions, investigations, or lawsuits against Officer Morgan or other officers; or
- a police "code of silence," "blue line," or "blue wall."

SO ORDERED.

October 9, 2024                            *s/ Damon R. Leichty*
                                           Judge, United States District Court